IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

GRETCHEN JOANNE PARENT                                                    PLAINTIFF

vs.                                    Civil No. 3:14-cv-03056

CAROLYN W. COLVIN                                                         DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Gretchen Joanne Parent ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 9.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed her disability applications on October 31, 2011 (DIB) and on November 1, 2011 (SSI). (Tr. 9, 141-148). In these applications, Plaintiff alleges being disabled due to seizures, carpal tunnel syndrome, migraines, depression, "black outs," rheumatoid arthritis, posttraumatic stress disorder, bipolar disorder, depression, and anxiety. (Tr. 207). Plaintiff alleges

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

an onset date of September 25, 2011. (Tr. 9). Plaintiff's applications were denied initially and again upon reconsideration. (Tr. 77-79).

Thereafter, on March 21, 2012, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 93-97). Plaintiff's administrative hearing was held on September 13, 2012 in Fort Smith, Arkansas. (Tr. 28-76). At this hearing, Plaintiff was present and was represented by Ms. Price.[2] *Id.* On the date of this hearing, Plaintiff was thirty (30) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and under 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 32). As for her education, Plaintiff testified she had completed a few years of college. (Tr. 32-33).

On November 28, 2012, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 6-22). In this decision, the ALJ found Plaintiff last met the insured status requirements of the Act through March 31, 2016. (Tr. 11, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 25, 2011, her alleged onset date. (Tr. 11, Finding 2). The ALJ determined Plaintiff had the following severe impairments: fibromyalgia, chronic back pain, syncope, migraines, seizures, major depressive disorder, generalized anxiety disorder, and panic disorder with agoraphobia. (Tr. 11-12, Finding 3). The ALJ also determined, however, that Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12-14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 14-19, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her

---

[2] Her full name was not included in the transcript. (Tr. 28).

claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she cannot climb ladders, ropes and scaffolds, and she must avoid all hazards, including driving as a part of work. In addition, the claimant can perform work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote with few variables and little judgment involved and the supervision required is simple, direct and concrete.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 20-21, Finding 6). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ found Plaintiff retained the capacity to perform her PRW as a hand packager and cashier II.[3] *Id.* Because Plaintiff retained the capacity to perform her PRW, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from September 25, 2011 through the date of his decision or through November 28, 2012. (Tr. 22, Finding 7).

Thereafter, Plaintiff requested the review of the Appeals Council. (Tr. 1-3). The Appeals Council denied Plaintiff's request for review. (Tr. 5). On May 27, 2014, Plaintiff filed her Complaint in this matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on May 13, 2014. ECF No. 9. Both Parties have filed appeal briefs. ECF Nos. 16-17. This case is now ready for decision.

---

[3] The ALJ also identified other work Plaintiff retained the capacity to perform. However, since the ALJ erred at Step Two of the Analysis, there is no need to address the other work the ALJ identified at Step Five.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff claims the following: (1) the ALJ's RFC determination is not supported by substantial evidence; (2) the ALJ's Step Four determination is not supported by substantial evidence; and (3) the ALJ's Step Five determination is not supported by substantial evidence. ECF No. 14. In her appeal brief, Plaintiff also claims the ALJ erred in considering her carpal tunnel syndrome. ECF No. 14 at 10. Upon review, the Court finds the ALJ did err by finding Plaintiff's carpal tunnel syndrome was not s a severe impairment. Accordingly, the Court will only address this issue.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v.*

*Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In the present action, the ALJ did not find Plaintiff's carpal tunnel syndrome was a severe impairment. (Tr. 11-12, Finding 3). Likewise, in assessing her RFC, the ALJ did not find Plaintiff had any limitations with her hands in movements such as grasping, holding, and performing fine manipulations with her fingers. (Tr. 14-19, Finding 5). The ALJ made this finding despite the fact Plaintiff had been diagnosed with carpal tunnel syndrome prior to her alleged onset date and had been directed to wear arm braces. (Tr. 301). Subsequent to her alleged onset date, Plaintiff was again diagnosed with joint pain in her fingers with PIP tenderness. (Tr. 393, 529). During the administrative hearing in this matter, Plaintiff also testified she has problems using her hands; and when she uses them, "[t]hey'll go numb." (Tr. 54).

The Court finds this evidence is sufficient to meet the lower standard for demonstrating an

impairment is "severe." Because the ALJ erred by not finding this was a severe impairment, this case must be reversed and remanded. *See Nicola,* 480 F.3d at 887 (". . . we reject the Commissioner's argument of harmless error").

**4.   Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 8th day of April 2015.**
                              /s/   Barry A. Bryant
                                   HON. BARRY A. BRYANT
                                   U.S. MAGISTRATE JUDGE